UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA MARIE FINLAYSON,

                 Petitioner,           Case Number 19-10884

v.                                       Honorable David M. Lawson

SHAWN BREWER,

                 Respondent,

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Lisa Marie Finlayson drove her truck into the rear of a motorcyclist, causing his death. Her four-year-old son was in the truck with her at the time. She had cocaine in her system. Finlayson pleaded guilty to operating a motor vehicle while intoxicated causing death and operating while intoxicated with an occupant less than sixteen years old in the vehicle and was sentenced to at least 86 months in prison. She now challenges her convictions and sentence in a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 without the assistance of an attorney. She contends that she got bad advice from her lawyers in state court and should have been allowed to withdraw her guilty plea. She also contends that the statute under which she was convicted is unconstitutionally vague, her appellate counsel was ineffective, the judge failed to take mitigating factors into account at sentencing, and the sentencing guidelines were incorrectly scored. The warden argues that a federal court cannot grant relief on some of these claims, and the rest of them lack merit. Because Finlayson has not shown that she is entitled to relief on any of her arguments, the petition will be denied.

I.

The accident occurred in a construction zone.  Finlayson's child was in the backseat of her truck, apparently attempting to leave his car seat.  When she turned to secure him, she struck the motorcyclist with her truck.  She alleges that she was drugged and raped three days earlier, and as a result a blood test was positive for cocaine metabolite in her system.

When Finlayson pleaded guilty on July 15, 2016 to one count of operating a motor vehicle while intoxicated causing death and one count of operating a motor vehicle while intoxicated with an occupant less than 16 years old, the prosecutor agreed to dismiss a second count charging her with a moving violation causing death and agreed to a sentence within the sentencing guidelines range.  At the guilty plea hearing, Finlayson told the court that her lawyer had adequately explained the charges to her and that she had enough time to speak with him before pleading guilty. She said that she was satisfied with her attorney's representation.  The judge advised Finlayson that the maximum penalty for the most serious offense was fifteen years in prison.  The judge then explained all of the trial rights that Finlayson was waiving by pleading guilty.  She said that she understood that she was relinquishing those rights by pleading guilty.  Finlayson also verified the terms of the plea agreement and confirmed that no other promises had been made to induce her plea.  She denied that any threats were made to get her to plead guilty.  And she informed the court that she was pleading guilty because she in fact was guilty and believed that it would be in her best interest to plead guilty.

To establish a factual basis for the plea, Finlayson told the judge that she had been driving with her four-year-old son and "rear-ended a motorcyclist with the presence of an illegal substance in my system."  Guilty Plea Hr'g (July 15, 2016), ECF No. 11-5, PageID.177.  She acknowledged having cocaine in her system while driving and that she caused the victim's death.   She also

admitted that her son was in the car with her when the accident occurred and that he was under the age of 16. *Id.* at PageID.178-79. The judge and the attorneys then had a discussion about whether the petitioner had to admit that she knowingly used or ingested the cocaine. *Id.* at PageID.179-83. After resolving the legal dispute, the petitioner admitted that she voluntarily chose to drive her vehicle after knowing that she had used or consumed cocaine. *Id.* at PageID.183. The court accepted her guilty plea. On August 25, 2016, the court sentenced Finlayson to a prison term of eighty-six months to fifteen years.

Finlayson subsequently moved through her appellate counsel to withdraw her guilty plea. Appellate counsel challenged Finlayson's mental competency to stand trial due to her history of mental health problems. Appellate counsel noted that Finlayson had been raped and had experienced a high degree of emotional trauma that prevented her from knowingly and intelligently pleading guilty. Appellate counsel argued that trial counsel was ineffective by failing to challenge Finlayson's competency to plead guilty when he fully was aware of her mental health issues. Appellate counsel also argued that the plea was involuntary because Finlayson was never informed that she could lose custody of her children by pleading guilty. Appellate counsel asked for an evidentiary hearing on Finlayson's ineffective assistance of counsel claim. The judge denied the motion to withdraw the plea, finding that Finlayson freely, knowingly, and voluntarily pleaded guilty and that she failed to overcome the presumption of competency or the presumption that trial counsel's strategies here were valid.

Finlayson applied for leave to appeal but the Michigan Court of Appeals denied her application, *People v. Finlayson*, No. 337887 (Mich. Ct. App. June 5, 2017), as did the state supreme court, 501 Mich. 952, 904 N.W.2d 845 (2018) (table).

Finlayson then filed her petition for writ of habeas corpus, which, at her request, was held in abeyance so that she could exhaust additional claims in state court. Her post-conviction motion for relief from judgment in the trial court was denied. *People v. Finlayson*, No. 16-023559-FH (Livingston Cnty. Cir. Ct., June 18, 2019). The Michigan appellate courts denied leave to appeal. *People v. Finlayson*, No. 351717 (Mich. Ct. App. Mar. 31, 2020), *lv. den.* 506 Mich. 1025, 951 N.W.2d 670 (2020) (table).

Finlayson returned to this Court and filed an amended habeas petition, which added additional claims. In her original petition, she raised the following claims:

> I. Defendant is entitled to plea withdrawal because her plea was not knowing when her attorney didn't adequately investigate an affirmative defense.
>
> II. Erred in holding Defendant should not be resentence [sic] based upon complete information.
>
> III. Erred in holding Defendant was not entitled to a correced [sic] SIR where OV-5 is scored at 0 and her total is 80[.]

Her amended petition states the following claims:

> [IV]. Whether Lisa Marie Finlayson must be allowed to withdraw her plea because she did not consume a controlled substance within a reasonable amount of time prior to the incident, nor did she indicate to the trial court that she had done so (furthermore, the police investigator indicated that she was not intoxicated)?
>
> [V]. Whether the statute under which Lisa Marie Finlayson was convicted is a violation of due process by being unconstitutionally vague on it's [sic] face?
>
> [VI]. Whether Lisa Marie Finlayson had the ineffective assistance of both trial and appellate counsels, where (1) trial counsel allowed her to plead guilty despite her not having consumed a controlled substance within a reasonable amount of time prior to driving her vehicle, and (2) her appellate counsel failed to raise this issue?

The warden argues that some of these claims present issues of state law only that cannot furnish a basis for relief by a federal court. He contends that the remainder lack merit.

II.

Certain provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).  A federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).

"Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions."  *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotation marks and citations omitted).  "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington v. Richter*, 562 U.S. 86, 103 (2011).  The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review.  Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable."  *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (quotation marks omitted)).

- 5 -

The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). All of Finlayson's claims were adjudicated by the state courts. The first three were rejected on direct appeal in perfunctory orders by the state appellate courts, but that was enough to constitute a decision on the merits under section 2254(d). *Werth v. Bell*, 692 F.3d 486, 492-94 (6th Cir. 2012). The last three claims were rejected by the state trial court in a written opinion, and later by the appellate courts in perfunctory orders. This Court looks through those orders to the written opinion, which, again, is entitled to deference under the ADEPA. *Hoffner v. Bradshaw*, 622 F.3d 487, 505 (6th Cir. 2020).

## A.

Many of the petitioner's claims overlap, and there is a unifying theory that winds its way through some of them. She says that her ability to operate her truck was not in fact impaired, and the applicable statute should be read to limit criminal culpability to those who consume prohibited substances "within a reasonable time" before the accident. A ruling in her favor on that legal point, she believes, will bring success to her claims that she should be able to withdraw her guilty plea, that the statute is void for vagueness, and that her lawyers were constitutionally ineffective.

Finlayson was prosecuted under a charging document that listed the crimes as "operating [a motor vehicle] while intoxicated causing death," citing Mich. Comp. Laws § 257.625(4)(a); "moving violation causing death," citing Mich. Comp. Laws § 257.601(d)(1); and "operating [a motor vehicle] while intoxicated with occupant less than 16-years-old" citing Mich. Comp. Laws § 257.625(8). The labels attached to the first and third charges, to which the petitioner pleaded guilty, are somewhat misleading. There are no facts that prove that Finlayson was "intoxicated" within the common meaning of that term, that is, that her ability to drive was affected by alcohol

- 6 -

or drugs.  In fact, in most prosecutions under this general statute, the state must prove that the

driver was "under the influence," or was "visibly impaired," Mich. Comp. Laws § 257.625(1)(a),

2(c).  However, the statute includes another definitional section that also prohibits the following

conduct:

> A person . . . shall not operate a vehicle on a highway or other place open to the
> general public . . . if the person has in his or her body *any* amount of a controlled
> substance listed in [certain sections] . . . of the public health code . . . .

Mich. Comp. Laws § 257.625(8) (emphasis added).

Finlayson argues that this statute should be read to require proof that the driver consumed

the prohibited substances found in her body "within a reasonable time" before the accident, or else

the statute is unconstitutionally vague because it does not put an ordinary person on notice of the

prohibited conduct.  The Michigan Supreme Court interpreted this statute to impose a type of strict

liability.  *People v. Derror*, 475 Mich. 316, 320, 715 N.W.2d 822, 825 (2006) (holding that "in a

prosecution under MCL 257.625(8), a prosecutor is not required to prove beyond a reasonable

doubt that the defendant knew that he or she might be intoxicated.  Rather, the prosecutor need

only prove that the defendant had any amount of a schedule 1 controlled substance in his or her

body"), *overruled on other grounds by People v. Feezel*, 486 Mich. 184, 783 N.W.2d 67 (2010).

In *Derror*, the defendants were found to have metabolites of marijuana in their body, which can

remain for weeks after consumption.  But the state supreme court thought that fact "irrelevant"

because the state legislature proscribed driving with "any" amount of the substance in the body.

*Id.* at 336, 715 N.W.2d 833.  The court also deemed "irrelevant" that any debilitating effect of the

drug likely would have worn off by the time of the accident.  *Ibid.*  The state court's interpretation

undercuts Finlayson's argument that a "reasonable time" component should be engrafted onto the

elements of the offense.  The state trial judge held as much when denying the petitioner's post-

- 7 -

conviction motion. *Finlayson*, No. 16-023559-FH, Order Den. Mot. for Relief from J., ECF No. 11-12, PageID.319.

It is well established that state courts are the "ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). As a consequence, the Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Those state law decisions defining elements of state crimes are not proper subjects for federal habeas review. *Sanford v. Yukins*, 288 F.3d 855, 862 (6th Cir. 2002). Likewise, arguments by a habeas petitioner that are at odds with the state courts' determination of the necessary elements of a crime cannot prevail.

With this understanding in mind, the Court turns to Finlayson's specific arguments.

1.

In her fourth claim, Finlayson argues that the trial court should have permitted her to withdraw her guilty plea because she did not ingest the cocaine within a reasonable amount of time before the accident and as a matter of law could not be guilty under the operating-a-motor-vehicle-while-intoxicated statute. That argument cannot succeed because, as discussed above, ingestion within a reasonable time is not an element of the crimes under state law.

Moreover, once a state criminal pleads guilty, she "has no [federal constitutional] right to withdraw [her] guilty plea . . . ." *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012). Unless a guilty plea violates a clearly established constitutional right, the decision whether to allow a criminal defendant to withdraw a plea is discretionary with the state trial court. *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

On the other hand, "[a] plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). But a guilty plea is voluntary if the accused understands the nature of the charges against her and the constitutional protections that she is waiving. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). A plea is knowing and intelligent if it is done "with sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748.

The record in this case establishes that Finlayson knowingly and voluntarily pleaded guilty to the charges. She was advised of the maximum penalties of the crimes to which she was pleading guilty, and she acknowledged that by pleading guilty, she was giving up her trial rights, which were explained to her in detail. The terms of the plea agreement were placed on the record. Finlayson acknowledged several times that she was pleading guilty freely and voluntarily and that no threats or coercion had been made to get her to plead guilty.

Finlayson's argument that the guilty plea was not supported by the facts in the case would be on shaky grounds even if a "reasonable time" element were in play. There is evidence in the record that she had a large amount of multiple controlled substances in her body at the time of the accident. A blood draw at St. Joseph Livingston County Hospital shortly after the crash revealed benzoylecgonine (cocaine metabolite), cocaine, morphine, methamphetamine, MDMA, and MDA in her system at that time. (ECF No. 11-7, PageID.223-24).

The trial judge's denial of Finlayson's motion to withdraw her guilty plea did not contravene or unreasonably apply federal law.

2.

Finlayson also contends that her trial attorney performed ineffectively by allowing her to plead guilty absent evidence that she had consumed a controlled substance "within a reasonable time" before the accident, and her appellate attorney likewise was constitutionally ineffective by failing to raise that issue on direct appeal. These arguments fail because the foundation for them — that there is a reasonable time element to the crimes of conviction — fails.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. When counsel is ineffective, that right is abridged. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).

An ineffective assistance of counsel claim has two components. A petitioner must show that counsel's performance was deficient, and that deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). An attorney's performance triggers the first element when "counsel's representation [falls] below an objective standard of reasonableness." *Id.* at 688. The petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688) (quotation marks omitted).

One way of establishing defective performance is to show that defense counsel missed a meritorious argument under the controlling law. However, the failure to file a meritless motion or raise a groundless argument does not constitute defective performance. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011) (stating that an "attorney is not required to raise a non-

- 10 -

meritorious claim" (citing *Wilson v. Mitchell*, 498 F.3d 491, 514-15 (6th Cir. 2007))); *see also Knowles*, 556 U.S. at 123 (reiterating that the "[Supreme] Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success" to avoid a finding of deficient performance under *Strickland*).

Finlayson's trial attorney cannot be faulted for counselling her to plead guilty.  The physical evidence in the case satisfied all the elements of the crimes.  There was no requirement that the state prove that she consumed cocaine "within a reasonable time" before the accident; *People v. Derror*, decided by the state supreme court ten years before the guilty plea hearing, settled that question.  Therefore, trial counsel's advice to plead guilty, even absent such proof, cannot amount to deficient performance.  It appears that trial counsel was aware of the evidence and made an informed judgment about the best course of action for his client.  Habeas courts are not in the business of second-guessing those decisions.  *Premo v. Moore*, 562 U.S. 115, 124-25 (2011) ("In determining how searching and exacting [trial counsel's pre-plea] review must be, habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel.").

The petitioner's attack on appellate counsel's performance fails for the same reason.  It is true that the Sixth Amendment guarantees a defendant the right to the effective assistance of appellate counsel.  *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985); *Halbert v. Michigan*, 545 U.S. 605, 609-10 (2005).  But court appointed appellate counsel does not have a constitutional duty to raise every non-frivolous issue requested by a defendant.  *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  A habeas court reviewing an ineffective-assistance-of-appellate-counsel claim must defer twice: first to appellate counsel's decision not to raise an issue, and secondly, to the state court's

determination that appellate counsel was not ineffective.  *Woods v. Etherton*, 578 U.S. 113, 119 (2016) (per curiam).

Finlayson's appellate attorney did not perform deficiently by not arguing that trial counsel was ineffective when advising Finlayson to plead guilty despite lack of proof that she consumed a prohibited drug "within a reasonable time" before the accident.  As noted above, there was no deficient performance by trial counsel on that score.  "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'"  *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

## B.

Finlayson also argues that she should have been allowed to withdraw her guilty plea because her lawyer failed to investigate an insanity defense.  She suggests that temporary insanity would have been a viable defense based on her extensive mental health history and because she was suffering emotional trauma at the time of the accident due to being forcibly drugged and sexually assaulted three days earlier by a motorcycle gang.

A guilty plea waives all such non-jurisdictional defenses and challenges to the sufficiency of the evidence.  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Post v. Bradshaw*, 621 F.3d 406, 426–27 (6th Cir. 2010); *see also United States v. Studabaker*, 578 F.3d 423, 429 (6th Cir. 2009).  The state court's refusal to allow Finlayson to withdraw her guilty plea on that basis, therefore, did not contravene or misapply federal law.  Any claim emanating from this argument, therefore, must focus on trial counsel's advice.

Ignoring a viable defense certainly can amount to deficient performance.  But Finlayson has not presented any evidence supporting such a defense.  Under Michigan law, a criminal defendant has the burden of proving insanity by a preponderance of evidence.  Mich. Comp. Laws

- 12 -

§ 768.21a(3). She must prove that she was "mentally ill" or "mentally retarded" within the meaning of the state's public health code, and that as a result, she lacked the "'substantial capacity either to appreciate the nature and quality or the wrongfulness of [her] conduct or conform [her] conduct to the requirements of the law.'" *People v. Carpenter*, 464 Mich. 223, 230-231; 627 N.W.2d 276 (2001) (quoting Mich. Comp. Laws § 768.21a(1)). There is no evidence that Finlayson suffered from a mental illness. In fact, the record shows otherwise. The trial judge referred her to the Center for Forensic Psychiatry before the plea hearing, and that agency found that she did not have a mental illness or intellectual disability. Criminal Responsibility Evaluation at 10–12 (Jan. 27, 2017), ECF No. 11-14, PageID.467-69. Absent such evidence, Finlayson's argument cannot succeed here. *Sneed v. Johnson*, 600 F. 3d 607, 611 (6th Cir. 2010).

Finlayson argues that defense counsel could have predicated an insanity defense on the idea of voluntary intoxication. That could be a viable defense under state law, but "it remains incumbent upon the defendant to demonstrate that the involuntary use of drugs created a state of mind equivalent to insanity." *People v. Caulley*, 197 Mich. App. 177, 187, 494 N.W.2d 853, 858 (1992). There is no evidence that drug use — involuntary or otherwise — rendered Finlayson "insane" at the time she collided with the motorcyclist. And that theory contradicts her contention that she was under no influence of the drugs in her system at the time. Defense counsel cannot be faulted for setting that strategy aside.

Moreover, as one court has noted, "[t]here is considerable empirical evidence that insanity pleas in and of themselves are not received favorably by jurors." *Weekley v. Jones*, 76 F. 3d 1459, 1463 (8th Cir. 1996) (citing C. Boehnert, Characteristics of Successful and Unsuccessful Insanity Pleas, 13 Law and Human Behavior 31, 34, 36-37 (1989)). Since insanity and other mental defenses are rarely successful, it would have been reasonable for counsel to forego such a defense,

especially in light of the facts of this case. *See*, *e.g.*, *Silva v. Woodford*, 279 F. 3d 825, 851 (9th Cir. 2002); *see also Sneed*, 600 F. 3d at 611 (holding that counsel was not ineffective by failing to present insanity defense where "the public's widespread skepticism of the insanity defense at the time of Sneed's trial in 1986 (circa the John Hinkley trial), indicate that this was not an attractive defense").

Nor can Finlayson satisfy the prejudice component for this claim. To do so in the guilty plea context, she must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Premo*, 562 U.S. at 129 (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). That assessment in hindsight "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill*, 474 U.S. at 59. The test "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). For the reasons discussed above, there is little chance that an insanity defense would have taken root in this case. Finlayson has not shown here that she could have prevailed had she insisted on going to trial, or that she would have received a lesser sentence than she did by pleading guilty. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 750 (E.D. Mich. 2005).

Finlayson is not entitled to relief on this claim because she has shown neither deficient performance nor prejudice as a result of her attorney's advice to not assert an insanity defense and to plead guilty instead.

- 14 -

C.

Finlayson next contends that Michigan Compiled Laws § 257.625(8) is unconstitutionally vague, because the statute failed to put her on notice that her conduct was prohibited and gave unlimited discretion to the trier of fact in applying and interpreting the time frame for consumption of a controlled substance. That argument was waived in the state court by the petitioner's guilty plea. It is well established that a valid guilty plea in a criminal proceeding generally forecloses claims arising from the alleged deprivation of constitutional rights occurring before the entry of the plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett*, 411 U.S. at 267.

The state trial judge rejected that argument on the merits, following a state supreme court decision directly on point. *See People v. Derror*, 375 Mich. at 336-40, 715 N.W.2d at 835-36. The state court's decision was neither contrary to nor in contravention of federal law.

The Supreme Court has held that "a criminal statute must give fair warning of the conduct that it makes a crime." *Bouie v. City of Columbia*, 378 U.S. 347, 350 (1964). Therefore, "a penal statute [must] define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). "[I]t is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

The Michigan Supreme Court found that section 257.625(8) was clear enough to satisfy these standards. It believed that the statute set out an objective description of the criminal offense, prohibiting "the operation of a motor vehicle with any amount of a schedule 1 controlled substance in the body." *Derror*, 375 Mich. at 336, 715 N.W.2d at 835. That court believed that was the conduct the legislature intended to punish, and it was "irrelevant that the 'ordinary person' cannot

- 15 -

determine, without drug testing, when the schedule 1 substance is no longer detectible in the body." *Id.* at 335, 715 N.W.2d at 833.

Section 257.625(8) may be difficult to follow, and its application may result in harsh consequences.  However, its terms are clear — prohibiting the operation of a motor vehicle with *any* amount of a prohibited substance in the body — and its enforcement does not require "policemen, judges, and juries" "to speculate as to [its] meaning." *Grayned*, 408 U.S. at 108-09; *City of Chicago v. Morales*, 527 U.S. 41, 58 (1999) (quoting *Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939)).  The statute is not void for vagueness. *See United States v. Petrillo*, 332 U.S. 1, 5–8 (1947) (finding no vagueness where "[t]he language here challenged conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. The Constitution requires no more.").

## D.

Finally, Finlayson brings two challenges to her sentence.  She contends that the state court did not score her sentencing guidelines correctly.  However, a claim that the state trial court incorrectly scored, calculated, or applied the state legislative sentencing guidelines is not an allowable claim for federal habeas review because it is based solely on state law. *See McPhail v. Renice*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).  A federal habeas court cannot second-guess a state court's determination of such a state law issue. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (holding that state courts are the final arbiters of state law); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).

Finlayson also argues that she was denied due process because the state court imposed its sentence based on incomplete information.  She says that the court should have ordered a

psychological evaluation to determine whether her "chronic lying" was a symptom of psychological trauma.

The Supreme Court has held that criminal defendants have a due process right to a sentence based on accurate information. *United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 740-41 (1948). However, aside from death penalty cases, there is no Supreme Court decision that mandates the development of psychological information to inform a sentencing judge. To the contrary, the Supreme Court has limited its decisions concerning mitigating evidence to capital cases. *See Alvarado v. Hill*, 252 F. 3d 1066, 1069 (9th Cir. 2001) (citing *Harmelin v. Michigan*, 501 U.S. 957, 996 (1991)).

Moreover, in this case, the sentencing judge reasonably relied on evidence of Finlayson's pre- and post-charge conduct to impose a sentence within Michigan's advisory sentencing guidelines range. She was aware of the evidence of illegal substances in the petitioner's blood drawn shortly after the accident. And when Finlayson was detained pending trial, she was granted "day parole" to have oral surgery performed, but she then absconded on bond. When she was arrested for absconding on bond, she tested positive for cocaine. She contended that she had drank an energy drink, which caused the positive test for cocaine and requested a contested hearing on the matter. *See* ECF No. 11-3, PageID.97-103. Although a contested hearing was conducted, in which the petitioner denied consuming cocaine before the positive cocaine test, the judge found that Finlayson had consumed cocaine and had thus violated a condition of her bond. ECF No. 11-4, PageID.160-61.

The state court's determination that Finlayson was not entitled to resentencing due to the absence of complete information was not contrary to federal law as established by the Supreme Court. Nor did it unreasonably apply federal law.

III.

None of the petitioner's claims presents a basis to issue a writ of habeas corpus under 28 U.S.C. § 2254(d).  The state courts' decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts.  The petitioner has not established that she is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  March 4, 2022